JOHN A. BACON *vs.* NEW YORK, NEW HAVEN, AND HART-FORD RAILROAD COMPANY.

Suffolk.    January 21, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Railroad. Negligence. Words, "*Freight train.*"*

A work train distributing ties and sand for repairing the roadbed of a railroad is not a freight train within the meaning of R. L. c. 111, § 200, requiring that every freight train shall have a brakeman upon the last car.

The fact that a work train of a railroad company is being put upon a side track and that when this has been done its engine and crew are to be used in making up an extra freight train does not make the work train a freight train while it is being put upon the side track.

TORT by a freight brakeman against the railroad company employing him for personal injuries incurred in the course of his employment.    Writ dated November 21, 1903.

In the Superior Court the case was tried before *Wait*, J.    No notice was given under the provisions of the employers' liability act, so that the plaintiff could recover, if at all, only at common law.    It appeared that the plaintiff was injured on December 5, 1902, while working as a brakeman and a member of the crew on a work train which was being switched to a siding at Harwich; that it was a dark, sleety night, with snow six or seven inches deep; that the plaintiff was attending to the switches so that the train could pass upon the siding; that he had fixed one switch and was walking along the track to the second, from one hundred and fifty to two hundred feet distant, when the train, backing down behind him as he walked, struck him, knocked him down and ran over his arm.    There was evidence that the train should

not have followed him until he signalled it to do so and that he had not signalled, and that there was no rear brakeman nor any conductor on the train to prevent its running upon him.

The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, raising the questions stated in the opinion as well as others which the decision of the court has made immaterial.

*E. V. Grabill,* for the plaintiff.

*J. L. Hall,* for the defendant, was not called upon.

LORING, J.    This being an action at common law the plaintiff had to make out negligence on the part of the corporation itself.

He contends that he did so.    His argument in support of that contention is that a work train distributing ties and sand for repairing the roadbed is a freight train within R. L. c. 111, § 200, and that R. L. c. 111, § 200, was not complied with because there was at the time of the accident no brakeman on or near the rear car, and if there had been he, the plaintiff, would have been seen and not run over.    But we are of opinion that a work train is not a freight train within R. L. c. 111, § 200, and the rest of the plaintiff's argument need not be considered.

His next argument is that this was not a work train because the engine and crew when they had put the work cars away were to make up an extra freight train by coupling the engine which had made part of the work train on to some freight cars which were waiting to go to or toward Boston.    But this accident happened in putting the work train on the side or storage track.    No freight train was or was to be made up until the work train had been put upon the side track.

*Exceptions overruled.*